Metz v. Tierney.

[No. 1110, January 31, 1906.]

NICK METZ, Appellant, v. MARTIN S. TIERNEY, Appellee.

## SYLLABUS.

The record in this case examined and found to contain no evidence of malice in the erection of a fence which obstructed the light and air from appellant's building, and, consequently, no relief could be granted even under appellant's view of the law.

Appeal from the district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

B. F. ADAMS, for appellant.

The parties on appeal are restricted to the theory on which the case was tried in the court below.

Chavez v. Myers, 11 N. M., 342; Heish v. Bell & Co., 70 Pac. 572; 2 Ency. Pl. & Pr. 576, Cyc. Vol. 2 p. 670.

The case was before the court below on the allegations of plaintiff's complaint, the answer of defendant, the reply of plaintiff and the evidence of plaintiff. On issues so made he should have rendered judgment for plaintiff.

Chavez v. Meyers, 11 N. M., 342.

Actions which are innocent and lawful in themselves may become wrongful when done without a just regard for the rights of others.

Rogers v. Elliott, 15 N. E. 771; Medford v. Levy, 8 S. E. 306; Com. v. Oaks, 113 Mass. 8; Inchbald v. Robinson, 4 Ch. App. 388; Chesley v. King, 74 Me. 164; Chasemore v. Richards, 7 H. L. Cas. 387, 388; Burke v. Smith, 69 Mich. 382; Cogswell v. New York, N. H. & H. R. Co. 8 N. E. 538; Radcliff v. Mayor, etc., 4 N. Y. 198; Acton v. Blundell, 12 Mees & Wells, 32; Chasemore v. Richards, 7 H. L. Cas. 349; Galgay v. Great Southern Railway, 4 Ir. C. L. 456; Stanton v. Woolrich, 23 Beav. 225; Queen v. Metropolitan

Board of Works, 3 B. & S. 710; Greenleaf v. Francis, 8 Pick. 117; Roath v. Driscoll, 20 Conn. 533; Chatfield v. Wilson, 28 Vt. 358; Ellis v. Duncan, 21 Barb. 230; Radcliff's Ex'rs. v. Mayor, etc., 4 N. Y. 195; Goodale v. Tuttle, 29 N .Y. 495; Wheatley v. Baugh, 25 Pa. St. 529; Halderman v. Bruckhart, 45 Pa. St. 518; Parker v. Boston & Maine R. R. Co. 3 Cush. 107; Mosier v. Caldwell, 7 Nev. 363; Sweet v. Cutts, 9 Am. Rep. 284; Note; Baltimore R. R. Co. v. 5th Baptist Church, 108 U. S. 332.

The intent and purpose of the construction may be determined by the character of the wall.

Kirkwood v. Finegan, 95 Mich. 544; Com. v. Passmore, 1 Serg. & R. 217; Sanderson v. Penn. Coal Co., 86 Penn. St. 401; Fish v. Dodge, 4 Denis, 311; Cahill v. Eastman, 18 Minn. 324; Baltimore & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317; Shively v. Cedar Rapids, etc., Ry. Co., 74 Iowa, 169; Bassett v. Salisbury Mfg. Co. 43 N. H. 569.

The extent of a man's rights in cases like this may depend in some measure upon the motive with which he acts.

Carson v. Western R. Co. 8 Gray, 423, 424; Rideout v. Knox, 148 Mass. 372; 2 L. R. A. 81; Callanan v. Gilman, 14 N. E. 267.

However absolute the owners right may be to his property, he holds it subject to the implied obligation that he will use it in such a way as not to prevent others from using and enjoying their property subject to the same restrictions.

State v. Yopp, 97 N. C. 477; Karasek v. Pier, 50 L. R. A. 348; 3 Bishop on Non-Contract Law, Secs. 418, 442; Gulf, etc., Ry. Co. v. Oakes, 94 Tex. 155; Sullivan v. Dunham, 161 N. Y. 290; 3 Blackstone, 218; Sullivan v. Royer, 13 Pac. 657; Quinn v. Lowell Electric Light Co., 3 N. E. 200; 2 Blackstone, 403; Spelling on Injunction and other extraord-

Metz v. Tierney.

inary remedies 379 and 380; Susquehanna Fertilizers Company v. Malone, 20 Atl. 902; Northwestern Fertilizer Co. v. Hyde Park, 97 U. S. 659; Hurlbut v. McKone, 10 Atl. 167; Weir's Appeal, 74 Pa. St. 230; Laflin & Rand Powder Co. v. Tearney, 131 Ill. 322; Pennoyer v. Allen, 14 N. W. 611; Pomeroy's Equitable Remedies, Vol. 1, Sec. 528; Flaherty v. Moran, 81 Mich. 52; Peek v. Roe, 110 Mich. 52. See also the following authorities:

Myers v. Gunnell, 10 Barb. 537; Doyl v. Lord, 64 N. Y. 439; John v. Openheim, 12 Afb. N. S. 449; Pickard v. Collins, 23 Barb. 444; Auburn & Cato P. Road, v. Douglas, 9 N. Y. 447; White v. Spencer, 14 N. Y. 252; Matter of Olive Lee & Co.'s Bk. 14 N. Y. 238; Adams v. Van Alstyne, 25 N. Y. 238; Flora v. Carbean, 38 N. Y. 115; Hall v. Angsbury, 46 N. Y. 625; McKean v. See, 4 Rob. 467; Wolfe v. Frost, 4 Sanf. Ch. 90. Banks v. Am. Tract Society, 4 Sanf. Ch. 446; Pierre v. Fernald, 26 Me. 436; Hoy v. Sterrett, 2 Watts, 327; Wheatley v. Baugh, 25 Pa. St. 532; Haverstick v. Sipe, 33 Pa. St. 368; Napier v. Bulwurkle, 5 Rich. 311; 50 Associates v. Tudor, 6. Bray. 250.

SUMMERS BURKHART, for appellee.

The right of appellee to build the fence on his own land to any height he pleased, regardless of his motives, and notwithstanding appellant's light and air were obstructed, and his insurance rates made higher is sustained, by all the authorities except the Michigan cases.

Letts v. Kessler, 54 O. St. 73; Pickard v. Collins, 23 Barb. 459; Parker v. Foot, 19 Wend. 309; Phelps v. Nowlen, 72 N. Y. 45, 28 Am. Rep. 93; Mahan v. Brown, 28 Am. Dec. 461; Falloon v. Schilling, 29 Kas. 205; Lapere v. Luckey, 23 Kan. 543; Honsel v. Conant, 12 Ill. 259; Guest v. Raynolds, 68 Ill. 483; Bordeaux v. Greene, 22 Mont. 255;

> Ray v. Lyons, 10 Ala. 63; Burke v. Smith, 69 Mich. 388, 389; Alder v. Fenton, 65 U. S. 24; Chambers v. Baldwin (Ky.) 11 L. R. A. 345; Chatfield v. Wilson, 28 Vt. 49; Fowler v. Jenkins, 24 Pa. St. 308; Glendin v. Wheeler, 75 Pa. St. 467; 2 Wash. Real Prop. 344; Rideout v. Knox, 148, Mass. 407.

If smoke, gas, offensive odors, or noise pass from ones own premises to or upon the premises of another to his injury, an action will lie therefor, even though the smoke, gas, odor, or noise, should be caused by the lawful business operations of defendant and with the best of motives.

> Broom, Legal Maxims, 372; See also the following cases: Frazier v. Brown, 12 Ohio St. 294; Folloon v. Schilling, Supra.; Mahan v. Brown, 13 Wend. 261; Greenleaf v. Francis, 18 Pick. 123; Chatfield v. Wilson, Supra.; Letts v. Kessler, 40 L. R. A. 177, Supra.

### OPINION OF THE COURT.

PARKER, J.—This was a bill for injunction by appellant to restrain appellee from erecting a fence along the line between their adjoining property. Appellant alleged that such fence overlapped on his land and was of no beneficial use to appellee, but was erected for malicious purposes and to obstruct appellant's light and air and to be a menace to his building from fire and other causes.

Appellee answered and denied that he was erecting the fence for malicious purposes and averred that he was erecting the same for the purpose of securing the privacy of his own premises where he resided with his family from the observation of the occupants of the second story of appellant's building. Appellant replied that the fence at the height it had reached at the time of service of the writ of injunction prevented any occupant of his building from overlooking appellee's yard and that appellee proposed to erect the same five feet higher which was unnecessary and was proposed to be done maliciously.

Appellant proved the erection of the fence by the

Metz v. Tierney.

placing of a frame of timbers on appellee's land and by nailing thereon planks commencing at a point fourteen feet from the ground and on a level with the bottom of the second story windows of appellant's building and extending upward for a distance of three feet and seven inches; that the fence at this point was sufficiently high to obstruct all view of appellee's premises from appellant's building, except a small portion of the roof of appellee's house; that the prosecution of the work to a still greater height was engaged in by appellee when served with the writ of injunction to the still greater obstruction of the light and air from appellant's building; that said fence greatly increased the danger of fire to appellant's building. Appellee offered no evidence and moved for dissolution of the injunction and dismissal of the bill which was done. The transcript does not contain the testimony of the witnesses, but merely a statement of the substance of the same, agreed to by both parties.

It is not contended by appellant that appellee did not have the right to protect his own privacy by a structure of the kind erected. His claim is, however, that the fence was about to be erected to an unnecessary height, for that purpose and he relies upon that fact alone to show malicious intent to injure his property.

It is to be noticed that no direct evidence of motive was submitted. The frame work of the fence was twenty-one feet high, and planks had been nailed to it beginning fourteen feet from the ground and extending upward three feet and seven inches, leaving three feet and five inches as the utmost additional height to which the fence could be extended, and against which appellant sought restraint. It is to the fact of the lack of necessity of this additional height of the fence and the additional injury to his property that appellant looks for proof of bad motive on the part of appellee. Appellee alleged in his answer that the second story of the building was to be used as a rooming house and the allegation was not denied in the reply. It may be that a structure of this kind might, under some circumstances, be so grossly unsuited or disproportionate to the uses claimed for it as to amount to proof of malice, but we cannot determine

Chaves v. Lucero.

that this one was such a structure. Under the facts we fail to see how malice has been established by the evidence, and the court below, in finding the facts in favor of the defendant, appellee here, found there was none.

We understand the position of appellant to be that the erection of a structure of this kind may be restrained only when the same serves no useful purpose and is with intent to maliciously injure the property, of another. We do not understand him to claim that in the absence of either one of the foregoing characteristics a court of equity will interfere. This being so, it is clear that he can have no relief in this court and that the judgment below was correct.

This conclusion renders it unnecessary to consider whether, in this jurisdiction and in the absence of statute, there is any right, under any circumstances to restrain the erection on one's own property of structures which cut off light and air from adjoining owners. See 12 Am. & Eng. Ency. of Law (2nd Ed.) 1058, where the cases are collected.

There being no error in the decree of the court below, it will be affirmed, and it is so ordered.

William J. Mills, C. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., John R. McFie, A. J., concur. ·

Abbott, A. J., having tried the case below, did not participate in this decision.